## COLLINS v. DUNLAP & CO.

(Circuit Court, S. D. New York. August 10, 1910.)

PATENTS (§ 238*)—INFRINGEMENT—WOMAN'S HOOD.

In the Collins patent, No. 944,176, for wearing apparel consisting of "a convertible head covering and neck piece comprising an arched portion of soft material and a collar," the collar is an element of each of the two claims, and the patent is not infringed by an article having no collar.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 376; Dec. Dig. § 238.*]

In Equity. Suit by Clara C. Collins against Dunlap & Co. On motion for preliminary injunction. Motion denied.

George R. Simpson (G. L. McGill, of counsel), for complainant. Howson & Howson, for defendant.

LACOMBE, Circuit Judge. The object of the invention is to provide a woman's convertible headgear and neck piece capable of being used for automobile, evening and theater wear, being readily converted into a neck piece and with equal facility restored to its original use. The patent has not been adjudicated, and complainant apparently relies on some testimony as to acquiescence.

The article looks very much like the old-fashioned "calash" or collapsible hood of some generations ago, but it may be that there are some novel and ingenious details of construction. These need not now be inquired into. The patent may for the purposes of this motion be taken at its face value. The article is composed of a body portion, an arched formation extending over the head, made of silk or other suitable material gathered and stitched in any manner desired by the user, and supported on light wires located between the covering and the lining. The wires are adapted to be folded together or to be separated. When separated, they stretch the silk so as to produce a hood of arched formation. There is also a depending portion which latter surrounds the neck of the wearer and is drawn together at its lower edge and secured with fastening ties. This depending portion called the collar piece was not made particularly prominent in the specification as originally filed, and in the four claims then presented there is found no reference to it. The application being rejected on reference to British patent to Fenwick No. 17,592, December 3, 1888, the specifications were amended so as to describe the collar piece as a functional element of the alleged invention. Thus it is asserted that the sustaining wires are "secured to the collar piece and in order to convert the article into a neck piece the ties are loosened to relax the collar."

The claims now read:

"1. As an article of manufacture, a convertible head covering and neck piece comprising an arched portion of soft material and a collar, a collapsible frame secured to said collar and designed to normally support said material in the form of a hood or head cover or, when said collar is loosened, to col-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lapse and allow said material to fall upon the shoulders of the wearer to form a neck piece.

"2. As an article of manufacture, a convertible head covering and neck piece, comprising an arched portion and a collar, a series of approximately parallel sustaining wires in such arched portion and secured to said collar at spaced apart points, said wires permitting such arched portion to collapse and rest on the shoulders of the wearer and cover the back of the neck, and ties secured to the ends of said collar."

It is quite apparent from this quotation that the "collar" is an element of each of these claims. Inspection of the alleged infringing article shows that it does not contain the "collar" of the patent.

The motion for preliminary injunction is denied.